UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80731-CIV-Hurley/Hopkins

ROBERT CARRATELLI,

    Petitioner,

vs.

ERNEST STEPP, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION AS TO PETITION FOR WRIT OF HABEAS CORPUS (DE 1)

**THIS CAUSE** comes before this Court upon an Order of Referral for a Report and Recommendation. (DE 3). This Court has before it Petitioner's Petition for Writ of Habeas Corpus, Respondents' Response, and Petitioner's Reply. (DEs 1, 5, 11). The matter is now ripe for review. For the reasons that follow, this Court recommends that the District Court **DENY** the petition. (DE 1).

## DISCUSSION

### Statement of the Case and Proceedings in the Trial Court

On June 4, 1999, Petitioner was involved in a car crash wherein six people died after Petitioner ran a red light. (DE 8, exh. 1, pg. 1). In case number 99-11465-CF-A02, Petitioner was charged with six counts of manslaughter by culpable negligence and six counts of vehicular homicide. (DE 8, exh. 1, pg. 1). On May 11, 2000, after a jury trial, Petitioner was convicted of six counts of vehicular homicide. (DE 1, pgs. 1, 13; DE 8, exh. 1, pg. 12; DE 8, exh. 7). At trial, Petitioner was represented by Richard Lubin, Esq. ("Lubin") and Thomas Gano, Esq. ("Gano").

(DE 1, pg. 19).

**Direct Appeal Proceedings**

Petitioner filed his notice of appeal on July 28, 2000. (DE 8, exh. 3). In his direct appeal to the Fourth District Court of Appeal, Petitioner argued, *inter alia*, that the trial court abused its discretion by failing to excuse for cause five jurors[1] who expressed doubts about whether they could put aside their preconceptions and emotions about the case as a result of extensive media coverage. (DE 8, exh. 1, pgs. 12, 14-30). In response, the State of Florida argued, *inter alia*, (1) that the jury selection issue was not preserved for appellate review; and, (2) in the alternative, that the trial court did not abuse its discretion by denying Petitioner's cause challenges to the jurors at issue. (DE 8, exh. 2, pgs. 3-30). Petitioner's conviction was affirmed on November 20, 2002. *See Carratelli v. State*, 832 So. 2d 850 (Fla. Dist. Ct. App. 2002). Petitioner's motion for rehearing was denied on January 15, 2003. (DE 8, exh. 4). *See Carratelli*, 832 So. 2d 850. On June 30, 2003, the Florida Supreme Court declined to exercise discretionary review. (DE 8, exh. 5). *See Carratelli v. State*, 848 So. 2d 1153 (Fla. 2003). On July 25, 2003, the Fourth District Court of Appeal issued mandate. (DE 8, exh. 4).

**Collateral Review Proceedings**

On July 28, 2003, Petitioner filed a motion for post conviction relief, wherein he argued that: (1) his trial counsel rendered ineffective assistance of counsel when they failed to preserve the jury selection issue for appellate review; and, (2) because trial counsel failed to preserve the issue for appeal, a biased juror actually served on the jury. (DE 8, exh. 6, pgs. 3-38). After considering the State's response, the trial court denied the motion on February 24, 2004. (DE 8,

---

[1] The five jurors' names are Nesbitt, Lott, Johnson, Jablin, and Inman. (DE 8, exh. 1, pg. 16).

exhs. 7, 7a).

On March 11, 2004, Petitioner appealed the trial court's denial of his motion for post conviction relief. (DE 8, exh. 8). On December 21, 2005, the Fourth District Court of Appeal affirmed, and held that the record did not show that the failure to preserve the jury selection issue for review resulted in a biased juror serving on the jury. *See Carratelli v. State*, 915 So. 2d 1256, 1258 (Fla. Dist. Ct. App. 2005). The court further found that Petitioner failed to meet the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984), and certified conflict with a decision rendered by a sister court of appeal. *See Carratelli*, 915 So. 2d at 1258-1264).

On August 16, 2006, the Florida Supreme Court granted review of the decision rendered by the appellate court. *See Carratelli v. State*, 935 So. 2d 499 (Fla. 2006). Subsequently, the decision of the Fourth District was affirmed. *See Carratelli v. State*, 961 So. 2d 312, 315 (Fla. 2007). Mandate issued from the Florida Supreme Court on July 26, 2007. (DE 8, exh. 9).

**Proceedings in the District Court**

Petitioner filed the instant petition on July 3, 2008. (DE 1).

**Timeliness**

Respondent does not contest Petitioner's assertion of timeliness. (DE 1, pgs. 19-20; DE 5, pg. 2). Nevertheless, because timeliness is a jurisdictional requirement, this Court will briefly address the issue.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, a one year period of limitations applies to petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The relevant statutory section provides,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of

>habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1)(A)-(D), (d)(2).

The above quoted statute of limitations applies to all habeas petitions filed after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). In cases where the convictions have become final prior to the effective date of the AEDPA, petitioners are entitled to a one-year grace period, which operates as an equivalent of the new limitations period, commencing on April 24, 1996, and ending on April 23, 1997. *See Wilcox v. Dep't of Corr.*, 158 F.3d 1209 (11th Cir. 1998).

Generally, a conviction becomes final, thereby starting the one-year limitations period for seeking a writ of habeas corpus, ninety (90) days after a conviction and sentence is affirmed on appeal, " . . . at the expiration of the ninety day period permitted . . . to seek discretionary direct review to the United States Supreme Court." *Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th

Cir. 2003), *reh'g en banc denied*, 73 Fed. Appx. 389 (11th Cir. 2003). After the conviction becomes final, a petitioner has one (1) year in which to file his petition, or else such petition must be dismissed as time-barred. *See Stafford*, 328 F.3d at 1303-1304. However, the one-year limitations period is tolled where state court collateral proceedings are "pending," as provided by the AEDPA. *See Id*. at 1303 (*citing Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000); 28 U.S.C. § 2244).

Based on *Stafford*, this Court concludes that the instant application is timely filed. In the instant case, on July 5, 2007, Petitioner's conviction was affirmed after collateral proceedings concluded in the Florida Supreme Court. *See Carratelli v. State*, 961 So. 2d 312, 327 (2007). The Florida Supreme Court issued mandate on July 26, 2007. (DE 8, exh. 9). Allowing Petitioner the requisite ninety days to seeK discretionary review to the United States Supreme Court, Petitioner's conviction became final on October 24, 2007. The instant petition was filed on July 3, 2008, well within the AEDPA's one year limitations period.

**<u>Whether a Hearing is Required</u>**

Petitioner requests an evidentiary hearing in this matter. (DE 1, pg. 20). However, because the petition concerns factual matters which have been fully addressed in the record, as well as questions of law, a hearing is not required. *See Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (noting that the decision of whether to grant an evidentiary hearing is within the court's discretion, and that " . . . if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *Wellons v. Hall*, No. 07-13086, 2009 WL 17933, *10 (11th Cir. Feb. 5, 2009) (*quoting Landrigan*, 127 S. Ct. at 1940)); *Mason v. McNeil*, No. 3:06-CV-274-J-32HTS, 2008 WL

5412110, *3 (M.D. Fla. Dec. 29, 2008) (denying request for evidentiary hearing where the facts were fully developed in the record) (*citing Landrigan*, *supra*; *Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999), and *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003)); *Beasley v. Holland*, 649 F. Supp. 561, 563 (S.D. W. Va. 1986) (noting that a hearing is not necessary where the petition presents pure questions of law) (*citing Townsend v. Sain*, 372 U.S. 293, 309 n. 6 (1963)).  *See also* 28 U.S.C.§ 2254(e)(2)  (2008) ("the court shall not hold an evidentiary hearing on the claim unless the applicant shows that– (A) the claim relies on--(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."); *Goldblum v. Klem*, 510 F.3d 204, 220-221 (3d Cir. 2007) (discussing narrow bases for evidentiary hearings under 2254(e)(2)).

**<u>The Merits</u>**

In support of his petition, Petitioner argues that: (1) the state courts misapplied *Davis v. Sec'y, Dept. of Corr.*, 341 F.3d 1310 (11th Cir. 2003), and *Strickland v. Washington*, 466 U.S. 668 (1984); and, (2) Petitioner's trial attorneys were ineffective for failing to preserve the jury selection issue for appeal.  (DE 1, pgs. 1-20).  In response, Respondent contends that (1) Petitioner is not entitled to relief pursuant to *Williams v. Taylor*, 529 U.S. 362 (1999), or *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) because the Florida Supreme Court correctly applied *Davis*, 341 F.3d 1310, and the Florida Supreme Court's interpretation of

*Strickland* was not objectively unreasonable; (2) the state court's rulings that defense counsel failed to preserve an issue for appeal do not provide a basis for habeas relief; and, (3) Petitioner failed to show that a juror who was actually biased served on the jury. (DE 5, pgs. 4-15).

**1.  Whether the State Court Decisions are Contrary to, or Involve an Unreasonable Application of Clearly Established Federal Law**

The AEDPA has greatly limited a district court's ability to grant habeas relief. The statute provides in relevant part,

> \*\*\*\*
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e).  *See also Landrigan*, 127 S. Ct. at 1939-1940.

As can be seen from the text of the AEDPA, "clearly established federal law" includes only decisions rendered by the United States Supreme Court.  *See* 28 U.S.C.§ 2254(d) (2008). *See also Williams v. Taylor*, 529 U.S. 362, 412 (2000) (noting that under 2254(d), federal habeas analysis is limited to the Supreme Court's holdings, as opposed to dicta, at the time the state

court adjudicated the petitioner's claims); *Wellons v. Hall*, No. 07-13086, 2009 WL 17933, *9 (11th Cir. Jan 5, 2009) (*citing Williams*, 529 U.S. at 412).

A state court adjudication is "contrary to" clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Wellons*, 2009 WL 17933 at *9 (*quoting Williams*, 529 U.S. at 413). A state court adjudication is "an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from th[e] Court's decisions, but unreasonably applies that principle to the facts" of the case. *Id*. Under either circumstance, the state court application of federal law must be *objectively unreasonable*. *See Id*. (*emphasis added*). Habeas relief cannot be granted merely because the habeas court concludes that the state court applied federal law erroneously or incorrectly. *See Id*. (*citing Williams*, 529 U.S. at 411; *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments[ ] and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.")) A finding that the state court application of federal law is objectively unreasonable is a "substantially higher threshold" than a finding that the state court merely applied the law erroneously or incorrectly. *See Landrigan*, 127 S. Ct. at 1939 (*citing Williams*, 529 U.S. at 410).

When determining whether a state court's decision was based on an "unreasonable determination of the facts" under section 2254(d)(2), the district court must presume that the state court factual findings are correct unless the petitioner can show clear and convincing evidence to the contrary. *See Wellons*, 2009 WL 17933 at *9 (*citing* 28 U.S.C.§ 2254(e)(1);

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Parker v. Head*, 244 F.3d 831, 835-836 (2001)). While the presumption of correctness applies to decisions rendered by both the state trial and appellate courts, determinations on mixed questions of law and fact are reviewed *de novo*. *See Id*. (*citing Bui v. Haley*, 321 F.3d 1304, 1312 (11th Cir. 2003); *Parker*, 244 F.3d at 836).

Against this backdrop, this Court now turns to Petitioner's claims. First, Petitioner's argument that the state courts misapplied *Davis* (DE 1, pg. 16), does not provide a basis for relief because *Davis* was not decided by the United States Supreme Court. As such, it does not constitute "clearly established federal law" within the meaning of 2254(d)(1). *See Wellons*, 2009 WL 17933 at *9.

Petitioner's argument that the state courts misapplied *Strickland* is equally unconvincing because Petitioner's *Strickland* argument is based on the Eleventh Circuit case of *Davis*, 341 F.3d 1310. (DE 1, pgs. 16-17). Specifically, Petitioner cites *Davis* for the proposition that trial counsel cannot be deemed ineffective where trial counsel raised an issue pertaining to jury selection, but failed to preserve it for appeal, and, but for such failure, the appellate court would have reversed the petitioner's conviction. (DE 1, pgs. 16-17). Petitioner also states that if the Fourth District Court of Appeal had correctly applied *Davis*, Petitioner would have obtained post conviction relief, and further argues that the Florida Supreme Court erred in rejecting the Eleventh Circuit's holding in *Davis*. (DE 1, pg. 16). However, in *Williams*, the United States Supreme Court made clear that decisions rendered by federal Circuit courts do not constitute "clearly established federal law," within the meaning of the AEDPA. *See Id*. at 381 ("If this Court has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy

9

the AEDPA bar.") (citing *Teague v.Lane*, 489 U.S. 288 (1989); *Lindh v. Murphy*, 96 F.3d 856, 869 (1996)).  As a result, Petitioner's reliance on *Davis* is misplaced.

Petitioner next claims that the state courts misapplied *Strickland v. Washington*, 466 U.S. 668 (1984), and that he is entitled to relief because Juror Inman was in fact biased and actually served on the jury.  (DE 1, pg. 17).  For several reasons, such claim is not persuasive.

The *Strickland* analysis consists of two prongs:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Williams*, 529 U.S. at 390 (*quoting Strickland*, 466 U.S. at 687).  A showing of ineffectiveness requires a petitioner to show "that counsel's representation fell below an objective standard of reasonableness."  *See Williams*, 529 U.S. at 390 (*quoting Strickland*, 466 U.S. at 688).  A showing of prejudice requires a petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 390 (*quoting Strickland*, 466 U.S. at 694).

Both prongs of the *Strickland* analysis need not be addressed.  Indeed, if it is easier to dispose of a claim based on a lack of a showing of prejudice, "that course should be followed." *Strickland*, 466 U.S. at 697.

Petitioner has failed to show prejudice under *Strickland*.  Both the Florida Supreme Court and the Fourth District Court of Appeal concluded, based on facts contained in the record, that a

biased juror did not serve on the panel. *See Carratelli*, 915 So. 2d at 1261 (finding that [juror Inman's "slight familiarity with the case did not rise to the level of actual bias necessary for postconviction relief.") (*citation omitted*); *Carratelli*, 961 So. 2d at 326-327 (agreeing with Fourth District's conclusion that [juror Inman's "slight familiarity with the case did not rise to the level of actual bias necessary for postconviction relief" because the record plainly showed that the juror held no firm opinion and could be fair, listen to the evidence adduced at trial, and follow the law). In light of such factual conclusion, it cannot be said that Petitioner suffered any prejudice by the alleged deficient performance.

Given that the state court adjudication is based on facts which are contained in the record, the AEDPA requires this Court to presume such factual findings are correct in the absence of Petitioner showing clear and convincing evidence to the contrary. *See Wellons*, 2009 WL 17933 at *9; 28 U.S.C.§ 2254(e)(1). The fact that Petitioner's claim involves a mixed question of law and fact does not change such presumption. *See Williams*, 529 U.S. at 386 (" . . . federal habeas courts must make as the starting point of their analysis the state courts' determinations of fact, including that aspect of a 'mixed question' that rests on a finding of fact.") In the instant proceedings, Petitioner's claim, is in essence, a disagreement with the state court's adjudication of the facts in the record. Although Petitioner claims that a biased juror actually served on the panel, the state courts disagreed. *See Carratelli*, 961 So. 2d at 326-327; *Carratelli*, 915 So. 2d at 1261. In so doing, the state courts pointed to Inman's statements, contained in the record, wherein Inman stated that he would be able to "sit down with an open slate and listen to what is said and make up [his] mind from there." *Caratelli*, 961 So. 2d at 327; *Caratelli*, 915 So. 2d at 1261. Petitioner's disagreement over the facts does not meet his burden, imposed by the

11

AEDPA, of showing that the state court determinations of fact are not correct. Moreover, merely arguing that the state court adjudication is erroneous is not the same as showing that the state court adjudication is objectively unreasonable, as required by the AEDPA. *See Wellons*, 2009 WL 17933 at \*9 (*citing Williams*, 529 U.S. at 411; *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments[ ] and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.")) *See also Williams*, 529 U.S. at 410-412 (*O' Connor, J., Concurring*) (emphasizing that an *unreasonable* application of federal law is different from an *incorrect* application of federal law) (*emphasis in original*).

This Court is unable to conclude that the state court's application of *Strickland* is objectively unreasonable because the Florida Supreme Court identified *Strickland* as the controlling authority for Petitioner's ineffective assistance claim, and reasonably rejected his claim after application of *Strickland*. *See Caratelli*, 961 So. 2d at 320-327 (affirming denial of motion for postconviction relief because Petitioner failed to prove prejudice under *Strickland*). *See also Williams*, 529 U.S. at 406-407 (*O'Connor, J., concurring*) (noting that a writ of habeas corpus should not issue where a run-of-the-mill state court decision correctly cites *Strickland*, and rejects the claim after applying that framework, because the state court decision would be in accord with the clearly established federal law of *Strickland*).

This Court is cognizant of the fact that Petitioner relies on *Shaw v. Dwyer*, No. 4:04-CV-1345CAS, 2008 WL 2132062, \*1 (E.D. Mo. May 20, 2008), (DE 11, pg. 2), where the court granted habeas relief after finding that counsel was ineffective under *Strickland* for failing to preserve a gender-based *Batson* challenge during jury selection. However, the fact that another

12

court granted relief on a somewhat similar issue does not necessarily lead to a conclusion that the state court herein applied clearly established federal law in an objectively reasonable manner. As explained by Justice O'Connor in *Williams*,

> Defining an "unreasonable application" by reference to a "reasonable jurist," however, is of little assistance to the courts that must apply § 2254(d)(1) and, in fact, may be misleading. Stated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case. The "all reasonable jurists" standard would tend to mislead federal habeas courts by focusing their attention on a subjective inquiry rather than on an objective one . . . As I explained in *Wright* with respect to the "reasonable jurist" standard in the *Teague* context, "[e]ven though we have characterized the new rule inquiry as whether 'reasonable jurists' could disagree as to whether a result is dictated by precedent, the standard for determining when a case establishes a new rule is 'objective,' and the mere existence of conflicting authority does not necessarily mean a rule is new." 505 U.S., at 304, 112 S.Ct. 2482 (*citation omitted*).

529 U.S. at 409-410.

Moreover, a close read of *Shaw* shows that the court rested its conclusion that relief was warranted based on the facts contained in the record. *See Shaw*, 2008 WL 2132062 at *2 ("In examining the merits of plaintiff's first ground for relief, the Court found the record established the prosecution plainly did not offer a gender-neutral explanation for the exclusion of the venireperson in question and, in fact, the prosecution's proffered rationale established she was struck by the State on account of her gender . . . Accordingly, the Court granted petitioner's petition for writ of habeas corpus . . .") In the instant case, as highlighted above, the state court determination that there was no prejudice under *Strickland* is likewise based on facts contained in the record. And, based on the facts contained in the record, this Court finds it difficult to

13

conclude that the state court application of *Strickland* was objectively unreasonable.

## 2.  Whether the State Court Ruling on a Procedural Issue Provides a Basis for Relief

Finally, to the extent that the state court adjudication is based on the legal determination that the jury selection issue was not preserved for appeal,[2] the Eleventh Circuit previously stated that "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (*quoting Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983); *Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir. 1984); *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. Unit B 1981)).  *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1994) (noting that "federal habeas corpus relief does not lie for errors of state law," and that habeas courts are not to reexamine state court determinations on state law issues) (*quoting Lewis v. Jeffers*, 497 U.S. 764 (1990); *citing Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Federal habeas courts are required to defer to a state court's interpretation of its own rules of evidence and procedure.  *See Machin*, 758 F.2d at 1433 (*citing Spencer v. Texas*, 385 U.S. 554 (1967); *Panzavecchia v. Wainwright*, 658 F.2d 337, 340 (5th Cir. Unit B 1981)).  *See also Doorbal v. McNeil*, No. 08-21566-Civ-Gold; 2008 WL 4194838, *36 (S.D. Fla. Sept. 10, 2008) (rejecting claim that application of procedural bar violated state and federal law) (*quoting Machin*, 758 F.2d at 1433); *Brown v. McDonough*, No. 3:04-cv-622-J-33MMH, 2006 WL 2265448, *17 (M.D. Fla. Aug. 8, 2006) (denying petitioner's request for relief based on claim that testimony was improperly admitted at trial) (*quoting Machin*, 758 F.2d at 1433)).

---

[2]  *See Carratelli*, 961 So. 2d at 319-320 (noting that even if a reviewing court finds that a juror who served on the panel should have been stricken, the court will not reverse if the error has not been preserved) (*citing Singer v. State*, 109 So. 2d 7, 19 (Fla. 1959)).

## CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for Writ of Habeas Corpus. (DE 1).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 23 day of February, 2009, at West Palm Beach in the Southern District of Florida.

*[signature: James M. Hopkins]*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record