UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80731-CIV-HURLEY/HOPKINS

**ROBERT CARRATELLI,**

    Petitioner,

v.

**ERNEST STEPP,, et al.,**

    Respondents.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the court upon a petition for writ of habeas corpus, and the report and recommendation of the Honorable James M. Hopkins, United States Magistrate Judge [DE # 12], recommending that the petition be denied. Petitioner filed an objection to the magistrate judge's report and recommendation [DE # 13].

Pursuant to Fed. R. Civ. P. 72(b), "The district judge . . . shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." The rule requires that objections be filed within ten days of service of the report and recommendation, and that the objecting party arrange for transcription of sufficient portions of the record. Fed. R. Civ. P. 72(b). The district judge may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id*. Portions of the report and recommendation that are not specifically objected to are subject to the clear error standard. The identical requirements are set forth in 28 U.S.C. § 636(b)(1).

Petitioner Robert Carratelli was convicted in 2000 of six counts of vehicular homicide. The conviction was affirmed on direct appeal, *see Carratelli v. State*, 832 So.2d 850 (Fla. 4th DCA 2002), and the Florida Supreme Court denied review. *See Carratelli v. State*, 848 So.2d 1153 (Fla. 2003). Petitioner then filed a motion for postconviction relief with the trial court pursuant to Fla. R. Crim. P. 3.850. The motion was denied, and the denial was affirmed by the Fourth District Court of Appeal. *See Carratelli v. State*, 915 So.2d 1256 (Fla. 4th DCA 2005). The Florida Supreme Court granted review of that decision, and affirmed. *See Carratelli v. State*, 935 So.2d 499 (Fla. 2006) (granting review); *Carratelli v. State*, 961 So.2d 312 (Fla. 2007) (affirming).

In July 2008, Carratelli filed a petition for habeas corpus in this court pursuant to 28 U.S.C. § 2254. The petition notes that the Fourth District Court of Appeal held on direct appeal that although the trial court erred in denying Carratelli's challenges to several jurors for cause, the issue had not been properly preserved for appeal because Carratelli's counsel did not ask for additional peremptory challenges. Both Carratelli's Rule 3.850 motion and the instant petition thus argue that Carratelli's counsel was constitutionally ineffective in failing to preserve the issue of whether unqualified jurors were seated at trial. *See Strickland v. Washington*, 466 U.S. 668 (1984).

This argument was considered and rejected by the Fourth District Court of Appeal, which held that Carratelli did not demonstrate that any of the jurors who served on the jury were "actually biased against him." 915 So.2d at 1260. The court noted that after the jury selection process was finally completed, only a single juror remained on the panel who was objectionable to Carratelli, and that this juror had only a "slight familiarity with the case" which "did not rise to that level of actual bias necessary for postconviction relief." *Id.* at 1261. Petitioner argues that this was an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405-13

(2000). The magistrate judge's report disagrees, and therefore recommends that Carratelli's petition be denied.

There is some confusion about the role of the Eleventh Circuit's decision in *Davis v. Sec'y*, 341 F.3d 1310 (11th Cir. 2003). In *Davis*, the Eleventh Circuit held that when a defendant argues that his trial counsel was ineffective for failing to preserve an issue for appeal, "the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." *Id.* at 1316. The petition appears to fault the state courts for misapplying *Davis*; rather than ask whether there was a reasonable likelihood of a more favorable outcome on appeal, the Fourth District Court of Appeal, reviewing the denial of Carratelli's Rule 3.850 motion, asked whether a biased juror actually served on the jury. *See* DE # 1 at 16. It appears that these are indeed different standards, because as the Fourth District noted, Carratelli was not required to show on direct appeal that the improperly seated juror was actually biased against him. He could have obtained a favorable outcome on appeal simply by showing that the juror was improperly seated. *See Carratelli*, 915 So.2d at 1258 ("On direct appeal, the erroneous denial of a preserved cause challenge is reversible error, without any inquiry into harmless error or prejudice.").

Nevertheless, the report of the magistrate judge properly observed that only decisions of the United States Supreme Court can constitute "clearly established federal law" under § 2254. *See* 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412. For this reason, the misapplication of *Davis* by the Florida state courts cannot support Carratelli's petition for habeas corpus relief.

It is true that, as a precedential decision of the Eleventh Circuit Court of Appeals, *Davis* controls in *this* court. That would be relevant if *Davis* had found, in light of prior Supreme Court decisions, that the state court had unreasonably applied the law regarding *Strickland*'s prejudice

3

prong.  Were that the case, the court would be obligated to follow *Davis* and sustain Carratelli's objection to the magistrate judge's report.

But that is not what happened in *Davis*.  The *Davis* court noted that the Florida courts had treated Davis' Rule 3.850 motion as claiming only that his counsel was ineffective for failing to raise a *Batson*[1] claim, and not that counsel was ineffective for failing to preserve the claim for appeal. *Davis*, 341 F.3d at 1313.  Thus the court said: "As the Florida courts failed to resolve the merits of Davis's claim, the present controversy falls outside of § 2254(d)(1)'s requirement that we defer to state court decisions that are not contrary to, or an unreasonable application of, clearly established federal law."  *Id.*  The court did not address whether the Florida courts unreasonably applied *Strickland* in employing the wrong prejudice standard.  Therefore *Davis* does not stand for the proposition that the Supreme Court's decisions clearly establish the appropriate prejudice standard to be applied to an ineffective-assistance claim of failure to preserve an issue for appeal, and that a state court's failure to employ the correct standard is an unreasonable application of federal law. *Davis* did formulate the "reasonable likelihood of a more favorable outcome" standard; but, as a decision of the Court of Appeals rather than the Supreme Court, the decision did not itself constitute "clearly established federal law" under § 2254(d)(1) and *Williams*.  *See also Fotopoulos v. Sec'y*, 516 F.3d 1229, 1234-35 (11th Cir. 2008).  Thus, the Florida courts' failure to follow *Davis* is not a valid ground on which to grant habeas relief.

Accordingly, upon review of the report of the magistrate judge and defendant's objection, it is hereby **ORDERED** and **ADJUDGED** that:

1. Petitioner's objection to the magistrate judge's report [DE # 13] is **OVERRULED**.

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

Order Adopting Report and Recommendation of Magistrate Judge and Denying Petition for Writ of Habeas Corpus
Carratelli v. Stepp et al.
Case No. 08-80731-CIV-HURLEY/HOPKINS

2. The Report and Recommendation of the United States Magistrate Judge [DE # 12] is **ADOPTED** in its entirety and incorporated herein by reference.

3. The petition for writ of habeas corpus [DE # 1] is **DENIED**.

4. The motion for hearing [DE # 15] is **DENIED**.

5. There being nothing further for the court to resolve, the Clerk is directed to mark this case as **CLOSED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 4th day of June, 2009.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*
Hon. James M. Hopkins